van Gestel, Allan, J.
This matter is before the Court for further action on the Plaintiffs, SRU Biosystems, Inc. (“SRU”), Emergency Motion for Entry of Protective Order, and SRU’s Motion to Compel Defendant to Comply With Discovery. The defendant, Douglas Hobbs (“Hobbs”), has declined to produce certain requested documents, citing the need for a protective order. The parties have attempted to negotiate such an order but have reached an impasse on whether the order should include a “patent prosecution bar.”
Both parties agree that a protective order is appropriate and, with the noted exception for a patent prosecution bar, both parties have essentially agreed upon a form of protective order. A copy of such a proposed order, *611 which includes a patent prosecution bar, is attached as Exhibit A to SRU’s Supplemental Brief in Support of its Motion for Entry of Protective Order. The contested language appears in the first part of Section 7 that deals with disclosure of confidential information. It reads:
CONFIDENTIAL INFORMATION may be disclosed only to the following persons or entities and is limited as detailed below, with the exception that any individual, including Counsel, an advisor or an expert, who is given access to CONFIDENTIAL INFORMATION of another shall not counsel, assist or participate in any way in the preparation, filing, or prosecution of any patent application, protest, interference, public use proceeding, reissue, reexamination, citation of prior art under 35 U.S.C. sec. 301 or request for certificate of correction that is in the field of optical biosensors for a period of eighteen (18) months after this litigation has terminated.
At a hearing on June 28, 2005, it was revealed that one of the attorneys for the defendant Hobbs, Mr. Brian M. Dingman, who is acting as trial counsel in this case, also is a patent attorney who has been processing patent applications for Hobbs and one of Hobbs’s assignees, CoHo Holdings, LLC., for several years. Mr. Dingman is said to be listed as the attorney of record on two U.S. Patents issued to Hobbs, and on a related patent application filed by Hobbs’s business partner and assigned to CoHo Holdings, LLC. These patents, and others that Mr. Dingman is said to be prosecuting for Hobbs and CoHo Holdings, LLC., are related to biosensor technology, which is at the heart of this litigation.
Mass.R-Civ.P. Rule 26(c), for good cause shown, provides a vehicle for the issuance of protective orders during discovery which protect from harmful disclosure trade secrets or other confidential research, development, or commercial information. Here, SRU argues that disclosure to Hobbs’s trial counsel, who is also his patent counsel and actively involved in patent prosecution, is the kind of situation that warrants protection.
In Motorola, Inc. v. Interdigital Tech. Corp., No. 93-488-LON, 1994 U.S. Dist. LEXIS 20714 (D.Del., Dec. 19, 1994), U.S. District Court Judge Joseph J. Longobardi, of the District of Delaware, set forth the conflicting and difficult situation that arises when trial counsel also acts as a patent prosecutor:
[Trial counsel] is currently prosecuting applications relating to the very patents at issue in this litigation. Attorneys who were to view Motorola’s voluminous confidential information and then later prosecute the patents would have to consistently challenge the origin of every idea, every spark of genius. This would be a Sisyphean task, for as soon as one idea would be stamped “untainted,” another would come to mind. The level of introspection that would be required is simply too much to expect, no matter how intelligent, dedicated, or ethical the . .. attorneys may be.
Id. at *14-* 15. See also Commissariat a L’Energie Atomique v. Dell Computer Corporation, No. 03-484-KAJ, 2004 U.S. Dist. LEXIS 12782 (D.Del., May 25, 2004); Akamai Technologies, Inc. v. Speedera Networks, Inc., No. 02-10188-RWZ, (D.Mass., August 18, 2003).
This Court concurs that Mr. Dingman, and possibly other patent attorneys at his law firm, in this case is faced with the same Sisyphean task as that described in Motorola. Hobbs and his counsel must, therefore, select another trial attorney than Mr. Dingman for this case, either from within the Mirick O’Connell law firm, or from an outside firm, or, alternatively, Mr. Dingman may remain and litigate this case but, if that is the choice made, for a reasonable period he must turn over any responsibilities for prosecuting patent applications related to biosensors, and related work, to another patent attorney or patent agent within or outside of the Mirick O’Connell law firm.

ORDER

The Plaintiffs Emergency Motion for Entry of Protective Order, Paper # 12, is ALLOWED to the extent that the Protective Order, in essentially the identical form as that attached as Exhibit A to SRU’s Supplemental Brief in Support of its Motion for Entry of Protective Order, shall hereby become an Order of this Court.
With the Protective Order now in place, insofar as SRU’s Motion to Compel Defendant to Comply With Discovery, Paper #14, is concerned, as well as any other discovery matters affected by the entry of the Protective Order, the parties are directed to confer, consistent to Superior Court Rule 9C, and attempt to resolve any differences that may remain.